UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

NATAN BANDA,

    Defendant.

- - - - - - - - - - - - - - - - X

ORDER OF CRIMINAL FORFEITURE

CR 03-489

(Korman, J.)

WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of specific properties, or in the alternative, substitute assets, of the defendant NATAN BANDA, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982; and 28 U.S.C. § 2461(c);

WHEREAS, on April 1, 2004, the defendant NATAN BANDA, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Count One of the above-captioned Indictment charging him with a violation of Title 18 U.S.C. Section 1956(h);

WHEREAS, the defendant NATAN BANDA, *inter alia*, has as part of his Plea Agreement with the United States, agreed to the entry of an Order of Forfeiture against the Defendant, and to forfeit to the United States all right, title and interest in properties

constituting or derived from proceeds traceable to the offenses contained in Count One of the Indictment; and

WHEREAS on April 1, 2004 this Court accepted the defendant's guilty plea; and

WHEREAS, by virtue of the Defendant having pled guilty and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegation of the Indictment, the United States is now entitled to possession of the forfeited property, pursuant to 18 U.S.C. §§ 981 (a)(1)(C), 982, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 981, 982, 28 U.S.C. § 2461 (c), and Fed. R. Crim. P. 32.2, the Plea Agreement, and guilty plea, which have been accepted by this Court, the Defendant, NATAN BANDA, attests and warrants that he is the sole and true owner of the following accounts that were listed in the above-captioned Indictment (hereinafter "the Forfeited Funds") and agrees to the entry of a forfeiture judgment (hereinafter "the Forfeiture Judgment") in favor of the United States and against the Defendant and to the forfeiture to the United States of all the following Forfeited Funds:

   (a) Independence Bank Account No. 0136024692, held in the name of Itchak and Rivka Banda;

   (b) Independence Bank Account No. 0246121156, held in the name of Yacob Banda;

(c) Independence Bank Account No. 2460552591, held in the name of Natan & Krienchy Banda;

(d) MAN Financial, Inc. Account No. 111-66874, held in the name of Yacob Banda; and

(e) Odwaldner Katonal Bank, Engelberg, Switzerland, Account No. 0130-537-69906, held in the name of Brewster.

2. All the Forfeited Funds are hereby forfeited and surrendered to the United States.

3. The Defendant shall take all steps necessary to fully assist the United States in effectuating the surrender of the Forfeited Funds to the United States, including the execution of any and all documents necessary to effectuate the forfeiture of the Forfeited Funds to the United States and any and all documents necessary to effectuate the repatriation back to the United States of any Forfeiture Funds located outside the United States of America in which the defendant has any direct or indirect interest.

4. All payments of the Forfeited Funds shall be made part of the Forfeiture Judgment entered against the Defendant and shall be made by bank, certified check, or wire-transfer (ABA No. 021030004; ALC No. 00008153); made payable to the "United States Marshals Service for the Eastern District of New York;" and delivered by overnight mail to the United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201 Att: Claire S. Kedeshian, Assistant U.S. Attorney. Written proof of any payment by

wire-transfer shall be provided to the United States Attorney's Office for the Eastern District of New York and the United States Marshals Service for the Eastern District of New York.

5. The United States Marshals Service for the Eastern District of New York shall deposit any and all payments of the Forfeiture Judgment into an interest-bearing escrow account pending further order of the Court.

6. In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(n)(1), the United States Marshals Service shall publish notice of this Order and of the intent to dispose of the property in such a manner as the United States Marshal may direct. Such notice shall be published in accordance with the custom and practice in this district, in an newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.

7. Any person, other than the above-named defendant, asserting a legal interest in the property subject to forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property to be forfeited, and for an amendment of

the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982.

8. Any petition filed by a third party asserting an interest in the properties to be forfeited shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of petitioner's right, title and interest in the property, and any additional facts supporting the petitioner's claim and the relief sought.

9. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

10. In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), the Government is hereby authorized to conduct any discovery necessary to help identify, locate or dispose of any and all properties forfeited pursuant to this Order of Forfeiture, and to to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of his sentencing and shall be made party of the sentence and included in the judgment.

12. As provided by Fed. R. Crim. P. 32.2(c)(2), upon adjudication of all third-party interests, or in the absence of any claims or petitions filed by third parties, the Court will enter a Final Order of Forfeiture.

13. The United States shall have clear title to the properties to be forfeited following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

14. The Clerk of Court shall forward five (5) certified copies of this Order to Assistant U.S. Attorney Claire S. Kedeshian, United States Attorney's Office, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

**IT IS SO ORDERED:**

Dated: Brooklyn, New York
May /8, 2005

                                      s/Edward R. Korman
                                      HONORABLE EDWARD R. KORMAN
                                      UNITED STATES DISTRICT JUDGE



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLR:CSK
F# 2002V01707
ctltr1.wpd

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street*
*Brooklyn, New York 11201*

May 17, 2005

BY HAND

The Honorable Edward R. Korman
Chief Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Natan Banda
        Criminal Action No. CR 03-489 (ERK)

Dear Chief Judge Korman:

    Enclosed please find an Order of Criminal Forfeiture in connection with the above-referenced defendant, Natan Banda. A copy of the proposed Order has already been provided to defendant's counsel, without objection.

    Upon the Court's review, kindly ensure the "so ordered" Order of Criminal Forfeiture is filed with the Clerk of Court and that the office of the undersigned receives (4) certified copies.

    We thank the Court for its attention to this matter.

        Respectfully submitted,

        ROSLYNN R. MAUSKOPF
        United States Attorney

    By: *[signature]*
        CLAIRE S. KEDESHIAN
        Assistant U.S. Attorney
        (718) 254-6051

Encl.
cc: Richard Avery Finkel, Esq.
    Meissner, Kleinberg & Finkel, LLP
    275 Madison Avenue
    Suite 1000
    New York, New York 10016